IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRYAN WAYNE WARREN                                                                    PLAINTIFF

V.                              CIVIL ACTION NO. 2:15-CV-2113-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                        DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that remand is necessary for reconsideration of the Plaintiff's RFC and the assessment of Advanced Practical Nurse, Tara Norris. While we recognize that APN Norris is not an acceptable medical source, she does qualify as an "other source," who is an appropriate source of evidence regarding the severity of the Plaintiff's impairment, and the effect of the impairment on his ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d). Further, the fact that her supervisor, Dr. Hudefi, signed off on her assessment entitles her opinion to greater weight than that given to non-treating consultants. *Lacroix v. Barnhart*, 465 F.3d 881, 886 (8th Cir. 2006) (holding a nurse practitioner and a counselor at the Gannon Center were not acceptable medical sources, but

nonetheless considered them treating sources whose opinions were entitled to greater weight than those of non-treating consultants).

APN Norris treated Plaintiff at Vista Health from June 26, 2012, until May 3, 2013, for bipolar II disorder and post-traumatic stress disorder. Contrary to the Commissioner's argument, APN Norris' treatment records do lend support to her assessment, as they document significant anger, irritability, very poor frustration tolerance, and periods of aggression that would undermine his ability to work with others, including supervisors and co-workers. Although APN Norris' assessment was in the check-the-box format utilized by the Commissioner, she provided additional commentary in support of her assessment, indicating that the Plaintiff was "very subjective to his environment," "had difficulty coping with immediate changes to his structure and routine," "was easily triggered by others," and "his increasing paranoia resulted in poor job performance and social functioning." Therefore, it is the opinion of this Court that the ALJ's RFC determination is not supported by substantial evidence.

On remand, the ALJ is directed to reconsider the Plaintiff's RFC, in light of APN Norris' assessment, and formulate appropriate hypothetical questions to the vocational expert in order to determine whether the Plaintiff is capable of performing work that exists in significant numbers in the national economy.

IT IS SO ORDERED AND ADJUDGED on this the 30th day of June, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE